NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 13-3813

EDGAR H. MESSNER,
Appellant

v.

SWEPI, LP

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(Civ. No. 4-13-cv-00014)
District Judge: Hon. Matthew W. Brann

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 26, 2014

Before: McKEE, *Circuit Judge*, FUENTES and
GREENAWAY, JR., *Circuit Judges*

(Opinion filed: July 17, 2014 )

OPINION

McKEE, *Circuit Judge*.

Edgar Messner appeals the district court's Rule 12(b)(6) dismissal of the action he

filed seeking a declaration that an oil and gas lease of 159.97 acres of land in Tioga

County, Pennsylvania is no longer in effect.[1]  We will affirm.[2]

---

[1] Messner began his action in the Court of Common Pleas of Tioga County.  SWEPI
removed it to the district court pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446.  After
removal, SWEPI filed its Rule 12(b)(6) dismissal motion.

[2] This Court has jurisdiction under 28 U.S.C. § 1291.

1

**I.**

The district court's opinion sets forth the factual and procedural history of this case in full, and we will therefore not repeat it here. *See Messner v. SWEPI, LP*, 2013 WL 4417723 (M.D. Pa. Aug. 14, 2013). Accordingly, we will only briefly recite facts and procedural history necessary to our disposition of this appeal.

On October 16, 2006, Messner and East Resources, SWEPI, LP's predecessor, entered into the disputed lease. The lease had a primary term of 5 years beginning on October 16, 2006. Paragraph 12 of the lease, the "Shut-In Royalty" paragraph, provides as follows:

> If during or after the primary term of this lease, all wells on the leased premises or within a unit that includes all or a part of the lease premises, are shut-in, suspended or otherwise not producing for any reason whatsoever for a period of twelve (12) consecutive months, and there is no current production of oil or operations on said leased premises sufficient to keep this lease in force and this lease is not otherwise kept in force by other provisions of this lease, Lessee may maintain this lease in effect by tendering to Lessor a shut-in royalty equal to the Delay Rental as found elsewhere in this lease. Said shut-in royalty shall be paid or tendered to the Lessor within ninety (90) days after the next ensuing yearly anniversary of the Effective Date of this lease, and thereafter on or before each yearly anniversary of the Effective Date hereof while the wells are shut-in or production therefrom is not being marketed by Lessee. Upon payment of the shut-in royalty as provided herein, this lease will continue in force during all of the time or times while such wells are shut-in but failure to properly pay shut-in royalties shall [r]ender Lessee liable only for the amount due and shall not operate to terminate this lease.

App. 143.

In January and February of 2011, SWEPI's predecessor pooled approximately 135 of the leased acres into two units – the Guindon # 706 Unit-IV (which contained about 10 acres of the leased property), and the Ingalls # 710 Unit-IV (which contained about 125 acres of the leased property). SWEPI's predecessor also drilled a well on each of the units. After the wells were drilled, they were shut-in, and SWEPI tendered to Messner the Shut-In Royalty payments that were required under the terms of the lease. However, Messner refused to accept the Shut-In Royalty payments because he took the position that the lease had expired. He then began this action to have the lease declared expired or otherwise invalid.

In his complaint for declaratory relief, Messner alleged that the lease had expired or was otherwise invalid, and that neither the Guindon well nor the Ingalls well was capable of producing gas in paying quantities. He thus alleged that neither well could be characterized as being "shut-in" under ¶ 12 of the lease. According to Messner, since neither well was capable of producing gas, the Shut-In Royalty provision did not apply and was inoperative to maintain, extend or otherwise hold the lease beyond the October 16, 2011 termination date. Messner also contended that SWEPI neglected, failed or refused to execute a form of lease surrender that he tendered, and that SWEPI has continued to wrongfully assert or maintain an alleged interest in the hydrocarbon formations beneath his lands.

After the suit was removed to federal court, SWEPI filed a motion to dismiss Messner's complaint, in which it argued that Messner's complaint misconstrues the plain language of the Shut-In Royalty provision. SWEPI argued that the facts pled by

3

Messner, as well as the clear terms of the lease, established that the lease agreement remained in force.

The district court referred the matter to Magistrate Judge Martin C. Carlson, who, in his extensive Report and Recommendation ("R&R"), recommended that SWEPI's motion for summary judgment be granted and that Messner's complaint be dismissed. The district court adopted the thoughtful R&R in full and dismissed the complaint with prejudice.

We are in complete agreement with the Magistrate Judge's careful and thorough analysis, and his well-reasoned conclusion that the complaint itself pleads facts that show that the Shut-In Royalty provision applies. As Magistrate Judge Carlson so ably explains, the complaint alleges that the lease had a five-year primary term that began on October 16, 2006; the lease acreage was pooled; a well was drilled on each of the primary units during the primary term of the lease; the drilled wells are not producing; and SWEPI tendered the Shut-In Royalty payment to Messner. These allegations bring the dispute squarely within the terms of the Shut-In Royalty provision and establish that SWEPI complied with the terms of the lease. Despite Messner's claims to the contrary, there is absolutely nothing in the language of the Shut-In Royalty provision that requires that wells in question must produce paying quantities of gas. The lease expressly permits SWEPI to extend the lease beyond the primary term by payment of the Shut-In Royalty payment whenever the wells that have been drilled have been shut-in, or suspended, or otherwise are not producing for any reason whatsoever. And SWEPI complied with these terms in acting to extend the lease. 2013 WL 4417723, at *4-6.

4

We also agree with the Magistrate Judge's rejection of Messner's attempt to rely on the "automatic termination" rule. Messner's reliance on that rule rests on cases outside of Pennsylvania which hold that an oil or gas lease creates a fee simple determinable in the oil and gas resources underneath the real property. The "determinable" event in such cases is failure of any wells to produce hydrocarbons in paying quantities. In that case, the rule provides for automatic termination unless there is a savings clause that will permit the lease to be extended. However, the Magistrate Judge properly found that rule inapplicable here because SWEPI relied on an express contractual provision in the lease that provided for rental payments to be made for wells that have been drilled but are not producing in order to extend the lease, i.e., SWEPI tendered the Shut-In Royalty payment to provide for an extension of the lease. 2013 WL 4417723, at *7-9.

## II.

For the above reasons, we will affirm without further elaboration.